IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

04 JUN -1 AM 9:02

CLERK-SANTA FE

CLARENCE TSOSIE, JR.,

Plaintiff,

vs.                                                                 CIVIL NO. 03-1368 MV/LFG

EXPERIAN CREDIT BUREAU
and EQUIFAX CREDIT BUREAU,

Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING EXPERIAN CREDIT BUREAU WITHOUT PREJUDICE

THIS MATTER is before the Court following a review of Plaintiff Clarence Tsosie, Jr.'s ("Tsosie") Response [Doc. 21] to the Court's Order to Show Cause [Doc. 18].

On March 29, 2004, the Court directed Tsosie to show cause why his lawsuit should not be dismissed without prejudice for failure to serve process upon Defendant Experian Credit Bureau within 120 days as required by Fed. R. Civ. P. 4(m). In his response, Tsosie contends that he effected service by mail on December 8, 2003. For the reasons stated herein, the Court concludes that Tsosie's purported service was ineffective, that he has failed to comply with the service of process requirements under both federal and state law, and therefore that his complaint against Experian Credit Bureau should be dismissed without prejudice.

### Analysis

1. <u>Requirements for Service Under the Federal Rules of Civil Procedure</u>

Under federal law, service or process upon corporations and associations is governed by Rule 4(h). This Rule provides in subparagraph (1) that service against a corporation may be effected "by



delivering the summons and of the complaint to an officer, a managing or general agent . . . ." Service of process by mail is not authorized under the federal rules. Rule 4(h)(1) authorizes service on a corporation by delivering the summons and complaint to an agent appointed to receive service or authorized by law to receive service.

It is insufficient to simply mail the summons to a corporation. Indeed, Baicker-McKee Janssen Corr Federal Civil Rules Handbook 2004, at p. 189, specifically states:

> To effectively serve a corporation through an officer, manager, or general agent, the summons and complaint must be served on that person. Simply addressing the mail to the corporation generally, or to its legal department, will generally not suffice. [*citing* Larsen v. Mayo Medical Center, 218 F.3d 863 (8th Cir. 2000)].

In this case, Tsosie attaches Exhibit B to his response which demonstrates that he simply mailed his pleading to:

> Experian Credit Bureau
> P. O. Box 949
> Allen, TX

He contends that the document was received by an R Espino.[1] Assuming Tsosie is correct and the document was received by an employee does not suffice to demonstrate compliance with Fed. R. Civ. P. 4(h). As noted in the Federal Civil Rules Handbook, simply mailing process to a corporation is insufficient. Tsosie was required to effect personal service on an officer, managing agent or general agent under Rule 4(h)(1) or upon an agent appointed to receive service or authorized by law to receive service. In this case, Tsosie failed to personally serve the Complaint on an officer, managing or general agent of the corporation. At most, we know that somenamed R. Espino signed

---

[1]The documents submitted are illegible.

2

a mail receipt. The Court has no information showing that R. Espino is an officer, managing agent or general agent or that he has been appointed to receive service or is otherwise authorized by law to receive service. *See, e.g.*, Schollenberger v. Sears, Roebuck & Co., 876 F. Supp. 153 (E.D. Mich. 1995)(ruling that delivery to defendant's insurance claims representative was not sufficient service.). There is no assumption that R. Espino fits into this category.

Rule 4(h) also provides in subparagraph (1) that service may be effected in the manner authorized in the state in which the district court sits. Fed. R. Civ. P. 4(h)(1)(*citing* Rule 4(e)(1)). Thus, service of process, if in accord with New Mexico state law, will satisfy service requirements under federal rule (4)(h). As the federal rules of service allow process to be served in accord with the requirements of the forum state, the Court turns to New Mexico's procedural requirements to determine if Tsosie's service by mail is effective.

II. Requirements for Service Under New Mexico Rules of Civil Procedure

To encourage cost savings and to avoid the necessity of personal service, New Mexico's procedural rules, specifically Rule 1-004(E) NMRA, authorize a plaintiff to mail a summons and complaint by first-class mail, postage prepaid, to the person to be served, together with (2) copies of a notice and acknowledgment conforming with the form set out below and a return envelope, postage prepaid, addressed to the sender.

New Mexico's procedural rules contain a specific notice and receipt of summons and complaint as well as a form acknowledgment of receipt of service. The form provides:

> RECEIPT OF SUMMONS AND COMPLAINT
> I received a copy of the summons and complaint in the above-captioned matter at (insert address).

Rule 1-004(E). Thereafter, the acknowledgment form contains an area for the person to be served

3

to execute and acknowledge, stating his/her relationship to the entity/authority to receive service of process, and a date of signature.

If the person to be served does not acknowledge receipt and return the form within twenty days, New Mexico's procedural rule 1-004(E) provides:

> If no acknowledgment of service under this subdivision of this rule is received by the sender within twenty (20) days after the date of mailing, service of such summons and complaint shall be made by a person authorized by paragraph D of this rule, in the manner prescribed by Subparagraph (1) or (2) of Paragraph F of this rule.

The rule further provides that if a plaintiff is forced to effect service of process because the recipient failed to acknowledge receipt, then the costs of service are assessed against the recipient. Id.

Thus, the rule is clear. Service of process by mail is permitted, but only when the recipient agrees to receive service in such a fashion and signs the appropriate acknowledgment. If the recipient declines to acknowledge service of process by executing the proper form, a plaintiff has no choice but to effect personal service as required by Rule 1-004(F). When forced to effect service in this manner, the costs of the service are assessed by the Court against the Defendant who insisted on personal service. That subsection of the rule requires a specific method of service for domestic corporations. It provides that service shall be made as follows:

> (2) upon domestic or foreign corporation by delivering a copy of the summons and of the complaint to an officer, a managing or a general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . . .

Rule 1-004(F)(2).

4

There is no evidence that Tsosie complied with these requirements. To the contrary, he attempted service by mail, but no acknowledgment was signed by the recipient in the form required by New Mexico's procedural rule. Thus, without the Defendant's consent to receive service by mail, as evidenced by the signed, written acknowledgment, the purported service is insufficient. If no acknowledgment was received within twenty days in the appropriate form, Tsosie was then required to proceed with personal service as required by New Mexico law. This, Tsosie failed to do

## Conclusion

Based on an examination of federal and state law, as well the contents of the Court file, the Court concludes that Tsosie failed to effect proper service of process within the time provided by law. The purported process failed both under the federal rules of procedure as well as under New Mexico's procedural rules. Therefore, Tsosie's claims against Experian Credit Bureau are DISMISSED without prejudice.

CHIEF UNITED STATES DISTRICT JUDGE